Pecic, J.
The only question arising upon the record is, whether a suit to recover possession of specific personal property commenced before a justice of the peace and tried by a jury, is within the purview of the second subdivision of section 123 of the act regulating “ the jurisdiction and procedure before justices of the peace,” etc. (1S. & 0. Stat. 791), which prohibits an appeal from judgments rendered upon jury trials before justices of the peace, u where neither party claims in their biñ of particulars a sum exceeding twenty dollars.”
Substantially, the question is, whether any cause of this character, when tried by a jury is, in law, appealable. The object of the suit is not to recover a sum of money, hub a specific article. The property in the thing and not damages, for its detention, is the real matter in dispute. The affidavit of property in, and right to the possession of, the article and. its wrongful detention by the defendant, takes the place of a bill of particulars, upon the filing of which, the justice is required to issue process and to hear and determine the controversy.
. The statute, in .prescribing the contents of the affidavit, •does not require a statement of the value of the property,' nor the amount of damages caused by its temporary detention.
The damages may be, and usually are, merely nominal, but the value of the property, which is surrender to the plaintiff before the trial, and, therefore, forms no part of his recovery, may, and frequently does, reach the limit of a justice’s jurisdiction.
The complaint must be verified, and it is idle, if not still more reprehensible, to require the plaintiff, in order to secure a right of appeal, to claim an amount of damages which he could not, under any circumstances, recover, and the defendant not being permitted to file a counterclaim or setoff, could never secure a right of appeal from a tribunal which he had no agency in selecting.
Section 111, of the act above referred to, provides: “ In all cases, not otherwise specially provided for by law, either ..party may appeal from the final judgment of any justice of *551 the peace to the court of common pleas of the county where the judgment was rendered.”
Unless the right of appeal, given by this section, is restricted by some other provision of the statute, it.is clear that the suit of the plaintiff in error was appealable and should not have been dismissed in the court below.
It is claimed, however, that it falls within the second subdivision of section 123 of the same statute, prohibiting appeals in jury trials where neither party claims, in his bill of particulars, a sum exceeding twenty dollars.
The entire section reads as follows :
“ Sec. 123. Appeals in the following cases shall not be allowed:
“ 1. On judgments rendered on confession.
“2. In jury trials where neither party claim in their bill of particulars a sum exceeding twenty dollars.
“ 3. In the action for forcible entry and detention, or forcible detention of real property.
“ 4. In trials of the right of property, under the statutes, either levied upon.by execution, or attached.”
The last two subdivisions indicate very clearly the purpose and scope of the second. The suits to which they refer, are all proceedings in rem. — suits to recover the possession of specific real or personal estate. In such actions, the plaintiff does not file a bill of particulars claiming a specified sum of money, and the defendant is not permitted to set up either counterclaim or setpff. If the second subdivision'was intended to prohibit appeals in all jury trials, where there is not a bib of particulars claiming a sum exceeding twenty dollars, there was no necessity for enacting either of the last two subdivisions.
The established rules of construction require courts to give effect, if practicable, to every part of a statute, and it is, therefore, our duty to so construe the second subdivision, as net to render the third and fourth altogether useless and unmean ing. Commonwealth v. Alger, 7 Cushing, 89; Attorney General ex rel. v. Detroit and Erie Plank Road Co., 2 Mich. (Gribbs), 138. This can only be done by holding that the second sub *552 division of section 123, does not apply to proceedings in rem , in which cases, the suit before the justice is not to recover a sum of money demanded in a bill of particulars, but for the possession of specific, real and personal property. It is true, that suits of forcible entry and detainer, and proceedings under the statute to try the right to property seized in execution or on attachment, though excluded from the operation of the second subdivision, are declared not appealable by the remaining subdivisions of that section; while suits in replevin, if unaffected by either of the subdivisions, are appealable under the general rule established by section 111.
There was, however, a manifest propriety in enacting, that cases falling within either of those subdivisions should not be appealable, which has no application to suits in replevin.
Section 127 of the same statute provides, that judgments in forcible entry and detainer, or in forcible detainer merely, shall not be a bar to any after action brought by either party; and this court has uniformly held, that proceedings under the justice’s act to try the right to property seized in execution, etc., are nobar to a subsequent action, by the claimant or the execution creditor, against any one but the officer who seized the property. Armstrong v. Harvey, 11 Ohio St. Rep. 531-2, and cases cited. There was, therefore, good reason for prohibiting the appeal of a suit, in itself inconclusive of the rights of the parties, even after its appeal.
To- deny to the parties litigant the right to appeal actions for the replevin of property, would often, result in manifest injustice-. As before remarked, the questions involved are often intricate and important — the property-, the right to which is in dispute, may reach in value the extreme limit of the court’s jurisdiction, while the damages for its detention, for the few days intervening between Its seizure and recaption, will- be very limited, if not merely nominal; and in addition to all this, the party originating the suit selects from several concurrent jurisdictions the tribunal which tries it in the first instance, and the other party, certainly, should have the right to have it ultimately heard and determined by a tribunal-better qualified to settle any intricate questions involved *553 in the controversy, and farther removed from all local influences.
We are of the opinion that the right of appeal in actions of replevin before justices of the peace, is conferred by section 111, before quoted, and that this right is not taken away, nor impaired by section 123; and that, therefore, the court of common pleas erred, in sustaining the motion to dismiss the appeal, as shown by the record.
Order of the common pleas reversed, and cause remanded for further proceedings.
Sutliee, C.J., and Gholson, Brinkerhoee and Scott, J J., concurred.